IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LEE A. JENKINS,

                Plaintiff,

      vs.

MESSERLI & KRAMER, P.A.,

                Defendant.

**8:17CV207**


**ORDER**


This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. (Filing No. 20.) For the reasons set forth below, the motion will be granted.


**BACKGROUND**


This action involves allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq*. (Filing No. 1.) Plaintiff alleges that Defendant sent him an unsigned letter threatening to file a lawsuit in the event an alleged debt was not paid. Plaintiff maintains that a judgment had already been taken on that debt. Thus, Plaintiff contends that in attempting to collect the alleged debt, Defendant made false representations as to the character, amount, or legal status of the debt; threatened to take an action that cannot be legally taken; and made a false representation that the unsigned letter was from an attorney.


Plaintiff now wishes to amend his Complaint to include a request that this matter be certified as a class action. (Filing No. 20.) The proposed amended complaint alleges that Defendant violated the Fair Debt Collection Practices Act and Nebraska Consumer Protection Act by routinely sending letters, similar to the one sent to Plaintiff, to other consumers. (Filing No. 20-1.) Defendant opposes the motion, arguing that there are no facts to support a class action. Defendant argues that the letter sent to Plaintiff was the result of a *bona fide* error, and that Plaintiff has no evidence that similar, unsigned letters were sent to other consumers.

**DISCUSSION**

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). The party opposing amendment bears the burden of showing that the amendment would be prejudicial or futile. *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D. N.Y. 1998). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Having reviewed the matter, the Court will allow Plaintiff to file an amended complaint. The Court finds that amendment will not prejudice Defendant. This action was filed on June 15, 2017 and discovery is in its early stages. (Filing No. 1.) A planning conference has not been held, a final progression order has not been issued, and a trial date has not been set. Thus, the filing of an amended complaint will not necessitate modifying any case progression deadlines.

Moreover, it is not readily apparent that amendment would be futile or that the amendment asserts clearly frivolous claims. *See Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous"); *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (stating that a motion to amend should only be dismissed on the merits if it asserts clearly frivolous claims or defenses). The parties have offered divergent facts. Plaintiff asserts that Defendant sends letters such as the one at issue routinely, while Defendant maintains that this letter was the result of a one-time error. The Court will not resolve factual disputes through a motion to amend. *See Santiago v. Steinhart*, No. 89 Civ. 2069, 1993 WL 410402 (S.D. N.Y. Oct. 13, 1993) ("[I]f the alleged futility is based on factual issues which are in dispute, leave to amend should not be denied"). Therefore, amendment will be permitted.

Accordingly,

**IT IS ORDERED:**

1.      Plaintiff's Motion for Leave to File First Amended Complaint (Filing No. 20) is granted.  Plaintiff shall file his amended complaint by April 5, 2018.  Defendant shall file an answer by April 19, 2018.

2.      A telephonic planning conference will be held before the undersigned on May 3, 2018, at 10:00 a.m.  Telephone conference instructions are found at Filing No. 13.  In advance of the conference, the parties shall confer and submit jointly proposed case progression deadlines to the Court via email at bazis@ned.uscourts.gov.  The proposed case progression deadlines should be emailed to chambers no later than April 26, 2018.

Dated this 3rd day of April, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge